## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GREGORY ROBINSON, *et al.*        *

     Plaintiffs        *

v.        *        Case No. S-02-3236

BALTIMORE POLICE DEPT., *et al.*        *

     Defendants        *

          *     *     *     *     *     *     *

## PLAINTIFFS  REQUEST FOR ENTRY OF DEFAULT

PlaPlaintiffs,Plaintiffs, by and through their attorneys, Duane A. Verderaime and Verderai

DuBois,DuBois, P.A., request the clerk of the court toDuBois, P.A., request the clerk of the court t

as authorized by Federal Rules of Civil Procedure 55.

### A.  Introduction

1.        PlaintiffsPlaintiffs are Gregory Robinson, Chris Wade, Dawn Cheuvront,Plaintiffs a

Smith; defendant is John Mack.

2.        OnOn October 3, 2002, plaintiffs sued defendant for violatiOn October 3, 2002, p

thethe Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, viol., violation., vio

U.S.C.U.S.C. § 198U.S.C. § 1981, civil coU.S.C. § 1981, civil conspiracy, violation of Tit

Amendment,Amendment, Retaliation, violation of the Fourteenth Amendment,  violation of 4Am

§1983, and violation of Article 24 of the Maryland Constitution Due Process.

3.     OnOn February 13, 2003, defendant was servOn February 13, 2003, defendant wa

ofof plaintiffs  Complaint,of plaintiffs  Complaint, Civil of plaintiffs  Complaint, Civil Cover S

StatesStates Magistrate Judge, and Disclosure of Corporate Interest by first-classStates Magist

SerServiceService mailinService mailing, as directed by the Court s Order of February 10, 200

Court s Order and an Affidavit of Service is attached as Exhibit A.

4.     Defendant did not file a responsive pleading or otherwise defend the suit.

5.     Plaintiffs are entitled to default.

<u>B.   Argument</u>

6.     TheThe clerk of the court may enter a default againsThe clerk of the court may en

aa responsive pleading or otherwise defended the suit.  a responsive pleading or otherwise defende

*Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

7.     The clerk should enter a default againstThe clerk should enter a default against the c

notnot file an answer within 20 daysnot file an answer within 20 days after February 13, 2003, the

P. 12(a)(1)(A).

8.     PlaintiffsPlaintiffs met the procedural requirements for obtaining entryPlaintiffs met

the clerk as demonstrated by Duane A. Verderaime s sworn affidavit.

9.     BecauseBecause defendant did not fileBecause defendant did not file a responsiveBe

suit,suit, defendant is not entitled to notice of entry of default.   *SeeSee Direct Mail See Direct*

*Inc. v. Eclat Computerized Tech, Inc.* 840 F.2d 685, 689 (9th Cir. 1988).

2

## C.  Conclusion

10.    TheThe Court ruled that defendant Mack was evading servThe Court ruled that de

10,10, 2003, ordered that defendant Mack m10, 2003, ordered that defendant Mack may be se

copycopy of the summons, Complaint, and all other papers to defecopy of the summons, Com

residence.residence.   As per the Couresidence.   As per the Court s residence.   As per the C

mailedmailed by first-class mail to defendant Mack s last-known residence, and hemailed by firs

answeranswer the Complaint or otherwise defend the suit within the time permitteanswer the Co

reasons, plaintiffs ask the clerk to enter a default in favor of plaintiffs.

_____

Duane A. Verderaime
Verderaime & DuBois, P.A.
1231 North Calvert Street
Baltimore, Maryland 21202
(410) 752-8888
Attorneys for Plaintiffs

3