IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GREGORY ROBINSON, et al.** | * | |
| **Plaintiffs,** | * | |
| v. | * | Case No.: S-02-3236 |
| **BALTIMORE CITY, MARYLAND, et al.** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT SONIA YOUNG'S
### ANSWER TO COMPLAINT

Defendant, Sonia Young, Defendant, hereby answers the Complaint of Plaintiffs and states her affirmative defenses as follows:

1. Admitted as to the extent of Plaintiffs race and sex. Defendant lacks the knowledge and information sufficient to form a belief as to whether Plaintiffs were residents of Maryland at all relevant times in their Complaint.

2. Denied.

3. Defendant Young believes that Defendant Baltimore Police Department operated a municipal or state agency, and that it primarily operates within the City of Baltimore and employs more than 20 employees.

4. Defendant Young is without knowledge and information sufficient to form a belief as to whether she, or any other Defendant, was a resident of the State of Maryland "at pertinent times mentioned in [Plaintiffs] Complaint," as Plaintiffs have set forth no time frame in their Complaint.

5. Paragraph 5 contains a definition or instruction, Defendant is not required to answer the same.

6. As paragraph 6 contains a definition or instruction, Defendant is not required to answer the same.

7. Defendant Young assumes that the Plaintiffs were hire by the Baltimore Police Department, although she has no specific information or knowledge regarding their employment, and is without knowledge and information sufficient to form a belief as to whether Plaintiffs have received positive evaluations and grade increases throughout their employment.

8. To the extent that Defendant is required to answer paragraph 8, Defendant denies Plaintiffs were denied the opportunity to work as officer in charge, but if Plaintiffs were denied, Defendant denies any inference of race discrimination, harassment, or unlawful retaliation.

9. To the extent that Defendant is required to answer paragraph 9, Defendant denies Plaintiffs were denied overtime opportunities; but if Plaintiffs were denied overtime opportunities, Defendant denies any inference of race discrimination, harassment, or unlawful retaliation.

10. Paragraph is non-existent.

11. Defendant denies Plaintiffs overtime slips were scrutinized anymore so than overtime slips submitted by African Americans; but if Plaintiffs overtime slips were scrutinized more so, Defendant denies any inference of race discrimination, harassment, or unlawful retaliation.

12. Defendant denies Plaintiffs were denied overtime opportunities; but if the Plaintiffs were denied overtime opportunities, Defendant denies any inference of race discrimination, harassment, or unlawful retaliation.

13. Denied.

14. Defendant Young admits having joked with another female African American police officer about being light skinned but denies making the specific statements alleged in paragraph 14. Moreover, Defendant Young denies any inference of racial discrimination, harassment, or unlawful retaliation.

15. Defendant Young is without knowledge and information sufficient to form a belief as to whether Defendant Moore made the statements alleged in paragraph 15.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Defendant Young admits to having had study sessions at her home for the sergeant's examine on her own time. These study sessions were not authorized nor within the scope of her employment and were provided to her close friends. Defendant denies any inference of racial discrimination, harassment, or unlawful retaliation related to the study sessions.

21. Denied.

22. Denied.

23. Denied.

24. Defendant Young is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 24 are true.

25. Defendant Young is without knowledge and information sufficient to form a belief as to whether or not the allegations contained in paragraph 25 are true.

26. No answer is required.

27. Denied to the extent that Defendant engaged in policies and practices of race discrimination; admitted as to the balance of paragraph.

28. Denied.

29. Denied.

30. Denied as to Plaintiffs factual allegations; no answer is required as to Plaintiffs' prayer for damages and other relief.

31. No answer is required.

32. Denied.

33. Denied.

34. Denied.

35. Denied as to Plaintiffs' factual allegations; no answer is required as to the balance of the paragraph, as it contains Plaintiffs' prayer for damages and other relief.

36. No answer required.

37. Denied.

38. Denied.

39. Denied as to Plaintiffs' factual allegations; no answer is required as to the balance of the paragraph, as it contains Plaintiffs' prayer for damages and other relief.

40. No answer is required.

41. Denied.

42. Denied as to Plaintiffs' factual allegations; no answer is required as to the balance of the paragraph, as it contains Plaintiffs' prayer for damages and other relief.

43. No answer is required.

44. Denied as to Plaintiffs' factual allegations; no answer is required as to the balance of the paragraph, as it contains Plaintiffs' prayer for damages and other relief.

45. No answer is required.

46. To the extent that Defendant is required to answer Paragraph 46, Defendant denies the factual and legal allegations contained therein.

47. To the extent that Defendant is required to answer Paragraph 47, Defendant denies the factual and legal allegations contained therein.

48. To the extent that Defendant is required to answer Paragraph 48, Defendant denies the factual and legal allegations contained therein.

49. Denied as to Plaintiffs' factual allegations; no answer is required as to the balance of the paragraph, as it contains Plaintiffs' prayer for damages and other relief.

50. No answer is required.

51. Denied as to Plaintiffs legal and other allegations; no answer is required as to the balance of the paragraph, as it contains Plaintiffs' prayer for damages and other relief.

52. No answer is required.

53. As paragraph 53 is a legal conclusion, no answer is required; but to the extent an answer is required, paragraph 53 is denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied as to Plaintiffs' factual and legal allegations; no answer is required as to the balance of the paragraph, as it contains Plaintiffs' prayer for damages and other relief.

58. No answer is required.

59. Denied.

60. Denied.

61. Denied.

62. Denied as to Plaintiffs' factual and legal allegations; no answer is required as to the balance of the paragraph, as it contains Plaintiffs' prayer for damages and other relief.

## AFFIRMATIVE DEFENSES
## PRIMARY DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Some, if not all, of the Plaintiffs' claims are barred by the doctrine of qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to establish all or at least some of the elements required to establish a *prima facie* case of discrimination or unlawful retaliation.

## FOURTH AFFIRMATIVE DEFENSE

Failure to exhaust administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

All or at least some of Plaintiffs' claim are time barred under the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Some of Plaintiffs' claims are preempted.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant has a legitimate, non-discriminatory and/or non-retaliatory reason in her treatment of the Plaintiffs.

6

**EIGHTH AFFIRMATIVE DEFENSE**

Some if not all of Plaintiffs' damages are caused by a third party over whom this Defendant has no power or control.

**NINTH AFFIRMATIVE DEFENSE**

Defendant exercised reasonable care to prevent and to correct promptly any harassing or discriminating behavior and/or Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Baltimore Police Department to otherwise avoid harm.

Respectfully submitted,

_____
_____
Troy A. Priest
Brown, Diffenderffer & Kearney, LLP
Tide Building – Suite 300
1010 Hull Street
Baltimore, Maryland 21230
(410) 296-9500

Attorneys for Defendants Sonia Young

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of April 2003, a copy of Defendant Sonia Young's Answer to Plaintiffs Complaint was mailed first-class, postage prepaid, to:

Duane Verderaime, Esquire
Verderaime & DeBois
1231 North Calvert Street
Baltimore, Maryland 21202
**Attorney for Plaintiffs**

Charles G. Byrd, Jr., Esquire
Alston & Byrd
2518 Maryland Avenue
Baltimore, Maryland 21218
**Attorney for Defendant Antonio Williams**

James H. Fields, Esquire
Jones & Associates, P.C.
Harborplace Tower, Suite 2700
Baltimore, Maryland 21202
**Attorney for Defendants William Booker and Darryl Moore**

_____
Troy A. Priest