IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY ROBINSON, ET AL.         *

    PLAINTIFFS                  *

V.                                *     CASE NO. WDQ 02 CV 3236

BALTIMORE POLICE DEPARTMENT,      *
    ET AL.
                                  *
    DEFENDANTS
_____/

### BPD'S MOTION TO SEVER

Defendant Baltimore Police Department ("BPD"), by and through undersigned counsel, move pursuant to Fed. R. Civ. Pro. 20, and alternatively Fed. R. Civ. Pro. 21, to sever the claim of Plaintiff Cheuvront from those brought by Plaintiffs Robinson, Wade, and Smith, and in support thereof, states as follows:

I.   **Summary of Motion**

Under Fed. R. Civ. Pro. 20, Plaintiff Cheuvront's claims have been improperly joined to Plaintiffs' Robinson, Wade, and Smith's claims. Alternatively, joinder of Plaintiff Cheuvront's claims to those of Plaintiffs Robinson, Wade, and Smith, will most certainly result in unfair prejudice to the BPD, and the BPD prays that this Honorable Court order severance pursuant to Fed. R. Civ. P. 21.

## II. Standard of Decision

Fed. R. Civ. P. 20 provides that plaintiffs with separate claims may join in a single action if: (1) they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) if any question of law or fact common to all persns will arise in the action.

Whether or not parties are properly joined under Fed. R. Civ. P. 20, "any claims against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21; United States v. O'Neil, 709 F.2d 361, 369 (5th Cir. 1983) (holding Rule 21 is not limited to curing misjoinder of parties).

## III. Facts

This employment discrimination action was filed by three Caucasian males (Messrs. Gregory Robinson, Chester Smith, and Chris Wade), and one Caucasian female (Ms. Dawn Cheuvront). (Pl's Comp. at ¶ 1). They all allege reverse race discrimination, but Ms. Cheuvront alleges that the discrimination against her was also based on her gender (or more precisely, her pregnancy). Importantly, Plaintiffs do not allege that they were together subject to a pattern or practice of reverse race discrimination.

To be sure, all four Plaintiffs worked (during the relevant time) for the Baltimore Police Department, at the Northwestern

District. All four served in the rank of Detective. However, Ms. Cheuvront served in the domestic violence/aggravated assault unit, which was subject to the immediate supervision of Defendant, Sergeant Sonia Young. In contrast, Messrs. Robinson, Wade, and Smith served in the non-fatal "shooting squad," which was subject to the immediate supervision of Defendants Sergeant D.C. Moore or Sergeant William Booker.

As demonstrated by the U.S. EEOC intake questionnaires filed by Messrs. Robinson, Wade, and Smith their claims (and the scope of their judicial complaints) are identical, as they provided the U.S. EEOC the exact same information in support of their case. (Exh. 1, 2, and 3; respectively) They each allege discrimination and harassment based on race. They allege that they were subjected to threats, involuntary transfers, delayed payment of overtime, lost opportunities to work as an Officer-in-Charge, lost promotional opportunities, and retaliation for "speaking out" about police practices (i.e., illegal detention of witnesses).

However, the U.S. EEOC intake questionnaire filed by Ms. Cheuvront contains a totally separate set of facts. (Exh. 4). Ms. Cheuvront complains of unfair treatment based on the fact that she was pregnant. Ms. Cheuvront's complaints are primarily directed towards her treatment by Defendant Sgt. Young, and fail to mention Defendant Sgts. Moore and Booker whatsoever.

Likewise, through the process of discovery, it has been undisputedly revealed that Messrs. Robinson, Wade, and Smith were not supervised by Sgt. Young. Mr. Smith testified in his deposition that he had no complaints whatsoever with respect to his treatment by Sgt. Young, going so far as to say that they had a good relationship and mutual respect for each other. Mr. Robinson had no real dispute with Sgt. Young either, complaining only of one incident in which he was inexplicably told by Sgt. Young: "that's why I don't like working with light skinned people." (Exh. 5; (Tr. 116). But even this comment was not addressed to (much less witnessed by) Ms. Cheuvront. (Exh. 5; (Tr. 117)).

In her deposition testimony on September 23, 2003, Ms. Cheuvront testified that her claims are not directed at Defendants Moore or Booker.[1] She does not allege that she was denied overtime on a discriminatory/retaliatory basis. Nor does she allege that her overtime records were scrutinized, or any overtime payments delayed, as she hardly ever worked any overtime. Unlike the other Plaintiffs, Ms. Cheuvront does not allege that her leave was ever cancelled. Ms. Cheuvront was never ordered to illegally detain citizens, in contrast to the claims of Messrs. Robinson, Wade, and Smith. Hence, she never filed any grievances complaining of having to carry out an illegal

---

[1] It is expected that the transcript of Ms. Cheuvront's deposition will be available to the BPD on October 9, 2003, and supporting excerpts will be attached as Exhibits to BPD's Reply, if necessary.

order - and those grievances form the basis for Messrs. Robinson, Wade, and Smith's First Amendment retaliation claims. Finally, Ms. Cheuvront does not contend that she was denied promotional opportunities, like those of the other Plaintiffs Robinson, Wade, and Smith.

In fact, Ms. Cheuvront's claims almost invariably involve factual scenarios arising out of her pregnancy, such as a denial by Sgt. Young to accommodate her schedule request based on medical conditions arising from her pregnancy.

In short, in contrast to the types of complaints raised by Messrs. Robinson, Wade, and Smith, Ms. Cheuvront makes no such complaints. Again, there is no allegation of a pattern or practice of discrimination.

## IV. Argument

The claims of Ms. Cheuvront are not properly joined with the claims of Messrs. Robinson, Wade, and Smith as they do not satisfy the twin requirements of Rule 20: (1) that the claims all arise from the same transaction or occurrence; and (2) a common question of law or fact exists.

But even if the claims are properly joined, Defendants request that this Honorable Court sever Ms. Cheuvront's Complaint from that of Messrs. Robinson, Smith, and Wade, pursuant to Fed. R. Civ. Pro. 21.

### A. Ms. Cheuvront Is Not Properly Joined With Messrs. Robinson, Smith, and Wade Under Fed. R. Civ. Pro. 20(a).

The claims of Messrs. Robinson, Wade, and Smith cannot be properly joined with the claims of Ms. Cheuvront under Fed. R. Civ. P. 20.

First, it cannot be maintained that the Plaintiffs' collective complaints arise "out of the same transaction, occurrence, or series of transactions or occurrences… ." Fed. R. Civ. P. 20(a). Messrs. Robinson, Wade, and Smith were employed in a different squad than Ms. Cheuvront, and were subject to different immediate supervisors (Sergeants). Although they are all employees of the BPD working in the Northwestern District, the similarities end there. As detailed in Exh. 4, Ms. Cheuvront's Charge of Discrimination is highly personal as to her. Whereas the information appended to the intake questionnaires of Messrs. Robinson, Smith, and Wade reference each other, and specific incidents which one or more of them may have been involved, there is no reference to Ms. Cheuvront whatsoever. (Exhs. 1, 2, & 3). Likewise, Ms. Cheuvront does not reference the treatment provided to Messrs. Robinson, Smith, and Wade as part of her Charge. (Exh. 4). As set forth in the Statement of Facts, <u>supra</u>, Ms. Cheuvront has testified in her deposition that **she has no claims** against Defendants Moore or Booker.

Accordingly, Ms. Cheuvront's claims do not fit the "same tranaction" test of Fed. R. Civ. Pro. 20(a). See Bailey et al. v. The Northern Trust Co., 196 F.R.D. 513, 516 (N.D. Ill. 2000). In Bailey, the district court held that joinder was improper as the "same transaction" test of Fed. R. Civ. Pro. 20(a) was not satisfied. The Bailey court reasoned that the plaintiffs who brought an employment discrimination case together complained of employment decisions that "hardly constitute[d] a single action on the part of the defendant." Id. (citing cases). Like the situation here, the five plaintiffs in Bailey, while each working for Northern Trust, complained of employment actions taken by different types of decisions, by different managers, and at different times. Id. There was, in short, no "causal link between a common and identifiable wrongful act on the part of the defendant and the adverse actions taken with respect to each plaintiff." Id.

The same is true here: Ms. Cheuvront's complaints do not relate to the claims brought by Messrs. Robinson, Wade, and Smith. Again, there is no allegation, in any of the Plaintiff's Complaints, that the BPD maintains a pattern or practice of employment discrimination against Caucasian employees. Cf. Patterson et al. v. County of Cook et al., No. 01-C-9557, 2003 U.S. Dist. LEXIS 13187 *5 (N.D. Ill. July 31, 2003) (refusing to sever various employment discrimination plaintiffs who alleged a pattern or practice of discrimination).

Joinder in this case also does not satisfy the second requirement of Fed. R. Civ. Pro. 20. The claims of Messrs. Robinson, Wade, an Smith, on the one hand, and Ms. Cheuvront on the other hand, do not demonstrate that a "question of law or fact common to all … will arise in the action." Fed. R. Civ. Pro. 20(a). Ms. Cheuvront's Charge alleges that she was discriminated based on her pregnancy, Exh. 4, and the Complaint reflects an allegation of "gender" discrimination. However, Messrs. Robinson, Wade, and Smith have no claim of gender discrimination.

Accordingly, Ms. Cheuvront's claims do not enjoy a common question of fact or law with Messrs. Robinson, Smith, and Wade, and thus, have not been properly joined under the second requirement of Fed. R. Civ. Pro. 20(a), and the action must be severed on this ground as well. See Bailey, 196 F.R.D. at 517 (observing that a general theory of racial discrimination is not sufficient for purposes of Rule 20(a)).

**B. Severance Pursuant to Fed. R. Civ. Pro. 21 Is Appropriate Given The Substantial Risk Of Prejudice To The BPD.**

Alternatively, even if joinder is proper under Fed. R. Civ. Pro. 20(a), severance is still appropriate under Rule 21 given the risk of prejudice to the Defendants. Henderson et al. v. AT&T Corp., 918 F.Supp. 1059, 1062 (S.D. Tx. 1996). In Henderson, the district court severed claims of multiple employment discrimination plaintiffs,

where the plaintiffs worked on "separate teams in separate offices calling on different customers." Id. at 1063. Moreover, the plaintiffs were affected by the alleged discriminatory practices in different ways. Id. Like the claims here, the Henderson plaintiffs brought "highly individualized" claims, requiring "particularized" questions regarding each plaintiff's work environment. Id. The Henderson court, in ordering severance, reasoned that "[c]learly, trying the claims in one action would be extraordinarily confusing for the jury… ." Id. But a much greater concern to the court was the danger the jury would find liability based on the sheer number of witnesses, and that some evidence which would be admissible to one claimant's case would not be relevant or admissible to another's case. Id. Because of the inevitable confusion in keeping the claims separate, the Henderson court concluded that severance of some Complaints was required in the interests of justice. Id. at 1064. The court reached this conclusion by balancing the rights of the employer to a fair trial, to the harm that severing the claims will cause the plaintiffs. Id.

    The joinder of Ms. Cheuvront's claims to the claims of Messrs. Robinson, Wade, and Smith likewise creates a high risk of confusion and a substantial risk of prejudice. If a trial is held in this case, the jury may be influenced by the sheer amount of testimony from the Plaintiffs and their witnesses. In the interests of

justice, Defendants right to a fair trial should outweigh the interests Ms. Cheuvront may have in joining her case with Messrs. Robinson, Smith, and Wade.

## IV. Conclusion

For all of the above-mentioned reasons, Defendants pray that this Court sever the claim of Ms. Cheuvront from those claims brought by Messrs. Robinson, Wade, and Smith.

Respectfully submitted,

_____
Howard B. Hoffman, Esq., Bar # 25965
Office of Legal Affairs
Baltimore Police Department
242 W. 29th Street, Baltimore, Maryland 21211
Telephone: (410) 396-2496
Facsimile:  (410) 396-2126
Attorney for Baltimore Police Department
and Police Commissioner Edward Norris