```
        IN THE UNITED STATES DISTRICT COURT FOR
       THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
GREGORY ROBINSON, et al.,
                              *
    Plaintiffs,
                              *
v.
                              *      CIVIL NO:  WDQ-02-3236
BALTIMORE POLICE DEPARTMENT,
et al.                        *

    Defendants.               *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

The Plaintiffs in this employment discrimination case are four Caucasian detectives with the Baltimore Police Department (the "Department"). Compl. ¶¶ 1, 3, 7. Each Plaintiff alleges that he or she was denied beneficial opportunities within the Department, such as supervisory responsibility, daytime work shifts, and overtime, because of the Department's "policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiffs on the basis of race." *Id.* ¶ 27. One Plaintiff, Ms. Dawn Cheauvront ("Ms. Cheauvront"), asserts that she was subject to discrimination because of her pregnancy as well as her race. Def.'s Ex. 4 (U.S. Equal Employment Opportunity Commission Complaint of Ms. Cheauvront).

Pending is the Department's motion to sever Ms. Cheauvront's claim from the claims of the other three Plaintiffs.

ANALYSIS

The Department contends that Ms. Cheauvront's claims were improperly joined with the claims of the other three Plaintiffs, and that joinder of her claims will likely result in unfair prejudice to the Department. Def.'s Mot. to Sever 1. Although the Department recognizes that Ms. Cheauvront alleges the same type of racial discrimination as the other Plaintiffs, it contends that her claims should be severed because: (1) she worked in a unit different from the other Plaintiffs; (2) she had a different supervisor; (3) she was denied opportunities different from the other Plaintiffs; and (4) she does not allege a pattern or practice of discrimination. *Id.* at 2-5.

Rule 20(a) of the Federal Rules of Civil Procedure permits all persons to join an action as a plaintiff if "they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." If misjoinder occurs, parties may be dropped or added by order of the court. Fed. R. Civ. P. 21.

"'[T]he impulse [in applying the Federal Rules of Civil Procedure] is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *King v. Ralston Purina* Co., 97 F.R.D. 477, 479 (W.D.N.C. 1983) (*quoting*

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)). Consistent with this policy, "the transaction and common question requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy." *Id.*

A.  Same Transaction or Occurrence

With respect to Rule 20(a)'s requirement that the events giving rise to the joined party's claims arise out of the same transaction or occurrence as the other plaintiffs' claims, the word "transaction" has been given a flexible meaning. *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). A "transaction" can encompass "a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* (*citing Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926)). Accordingly, multiple events that are logically related and give rise to a cause of action are generally regarded as comprising a single transaction or occurrence. *Id.*; *King*, 97 F.R.D. at 480.

In an employment discrimination case with multiple plaintiffs, each plaintiff is entitled to present evidence that the employer engaged in a pattern or policy of discrimination. *King*, 97 F.R.D. at 480 *(citing Donaldson v. Pillsbury Co.*, 554 F.2d 825 (8th Cir. 1977)). Each plaintiff is likely to present the same or similar evidence to support the allegations. *Id.*

The courts, therefore, deem the underlying transactions and occurrences logically related to prevent the needless presentation of the same evidence at multiple trials.  *Id.*; *Mosley*, 497 F.2d at 1334.

The Plaintiffs contend that they have been subjected to department-wide employment discrimination policies.  Compl. ¶ 27.  This allegation is sufficient to satisfy the first requirement of Rule 20(a).  *Madison v. Hennepin County*, 2003 U.S. Dist. LEXIS 11715, *8 (D. Minn. 2003).

B.   Common Question of Law or Fact

To meet Rule 20(a)'s requirement that joined parties share a common question of law or fact does not require that "*all* questions of law and fact raised by the dispute be common." *Mosley*, 497 F.2d at 1334.  On the contrary, merely "some question of law or fact must be common to all parties." *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000) (*citing Mosley*, 497 F.2d at 1334); *see*, *e.g.*, *United States v. Mississippi*, 380 U.S. 128 (1965) (denying severance when all plaintiffs alleged a common policy of racial discrimination); *Mosley*, 497 F.2d at 1334 (same); *Porter v. Milliken & Michaels, Inc.*, 2000 U.S. Dist. LEXIS 11366, *8 (E.D. La. 2000) (same); *King*, 97 F.R.D. at 480-81 (severance denied when all plaintiffs alleged employer policy of age discrimination); *Coffin v. South Carolina Dep't of Soc. Servs.*, 562 F. Supp. 579, 592 (D. S.C.

1983) (same).

The Plaintiffs assert that the Department engaged in a universal policy of discrimination against Caucasian employees. Compl. ¶ 27. Although some of Ms. Cheauvront's claims involve discrimination based on her pregnancy status, she alleges that she endured the same racial discrimination as the other Plaintiffs. Because Rule 20(a) requires only one common question of law or fact, and Ms. Cheauvront's racial discrimination claim is identical to the claims of the other Plaintiffs, her allegations satisfy the second requirement of permissive joinder.

## CONCLUSION

For the reasons discussed above, the Department's motion to sever will be denied.

 November 6, 2003                                          /s/
Date                                        William D. Quarles, Jr.
                                              United States District Judge