IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY ROBINSON, et al.          *

    Plaintiffs                    *

v.                                *   Case No. WDQ-02-CV-3236

BALTIMORE POLICE DEPT., et al.    *

    Defendants

\*    \*    \*    \*    \*    \*    \*

### PLAINTIFFS' MOTION FOR EXTENSION OF TIME

Plaintiffs, by and through their attorneys Duane A. Verderaime and Verderaime and DuBois, P.A., request that they be granted an extension of time in which to respond to defendants' motions for summary judgment, and for grounds say;

1. Summary judgment motions were filed by all defendants on or about January 23, 2004.

2. In the motions, defendants make reference to and rely upon certain documents.

3. The documents referred to above were the subject of a request for production of documents served on July 10, 2003. Defendants have not responded to the request.

4. In addition, defendants Young and Mack filed a Notice of Lengthy Exhibits. However, plaintiffs have not received those exhibits, and therefore are not able to respond adequately.

5. Contemporaneously with this motion, plaintiffs are

filing a motion to compel discovery.

Wherefore, plaintiffs request an order granting an Extension until thirty (30) days following plaintiffs' receipt of the requested discovery, in which they are to reply to defendants' Summary Judgment Motions.

_____
Duane A. Verderaime
Verderaime & DuBois, P.A.
1231 North Calvert Street
Baltimore, Maryland 21202
(410) 752-8888

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY ROBINSON, et al.       *

    Plaintiffs                    *

v.                             *   Case No. WDQ-02-CV-3236

BALTIMORE POLICE DEPT., et al. *

    Defendants                    *

\*       \*       \*       \*       \*       \*       \*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION EXTENSION OF TIME**

    Plaintiffs respectfully request the Court to enter an order extending the time with which plaintiffs are to respond to Defendants' Motions for Summary Judgment.

### A.   Introduction

    1.   Plaintiffs are Gregory Robinson, Chris Wade, Dawn Cheuvront, and Chester Smith; defendants are Baltimore Police Department, Sergeant William Booker, Sergeant Sonia Young, former Lieutenant John Mack, and Sergeant D.C. Moore.

    2.   Plaintiffs have filed a multi-count suit against defendants under Title VII, (Count I); 42 U.S.C. §1981, (Count II); negligent hiring and retention (Count III); Civil Conspiracy (Count IV); Retaliation (Count V); First and Fourteenth Amendments (Counts VI, and VII); 42 U.S.C. §1983, (Count VIII); and the Maryland Declaration of Rights (Count IX).

    3.   On July 10, 2003 plaintiffs filed a Request for

Production of Documents. To date, no response has ben served.

4.  Defendants filed Motions for Summary Judgment on or about January 23, 2004. Plaintiffs' responses are due, under the e-filing notice on February 9, 2004. However, under a modified Order of court, responses are to be due on February 6, 2004.

5.  Plaintiffs have requested defendant Baltimore Police Department to agree to this extension for the reasons stated in the motion and this memorandum, and defendant consents thereto.[1] The parties do not dispute that discovery is outstanding and that defendant Baltimore Police Department has agreed to provide that discovery within a reasonable time.

### B.   Argument

6.  The court may continue the submission date for the response to defendants' motions for summary judgment if the motion for continuance is made within a reasonable time after receipt of the motions for summary judgment and before the deadline for a filing a response. <u>Federal Rule of Civil Procedure 56(f)</u>. The Court may grant a request for extension of time for cause shown. <u>Federal Rule of Civil Procedure 6(b).</u>

7.  Plaintiffs cannot adequately respond to the summary judgment motions by February 6, 2004, because during plaintiffs'

---

[1] Attempts and messages have been made to the other defendants for their approval. However, no reply has been made. The Police Department is the sole defendant in control and custody of the discovery, and it is required to adequately respond to all motions for summary judgment.

preparing of responses became aware that statements and facts presented and argued in defendants' motions for summary judgment referenced documents that were requested by plaintiffs in a request for production of documents. However, these documents were not supplied to plaintiffs.

An attached letter from defendant Baltimore Police Department, indicates that personnel files were provided the plaintiffs. However, complete responses to plaintiffs' document requests would be provided the following week. Informal talks were engaged about the outstanding discovery. However, due to subsequent personnel changes in the Department, the discussions broke down and the status of the outstanding discovery was pending.

Also attached is copy of plaintiffs' request for production of documents. Many of these documents would directly address and counter defendants defenses and arguments presented in the motions for summary judgment. The documents are required for plaintiffs to adequately respond to all submitted motions. see Celotex Corp. v. Catrett, 477 U.S. 317, 326; Evans v. Technologies Applications & Serv. Co., 80 F.3d. 954 (4th Cir. 1996).

8. In addition, defendants Young and Mack filed a Notice of Lengthy Exhibits. However, plaintiffs have not received those exhibits, and therefore are not able to respond adequately.

9. Plaintiffs will suffer actual and substantial prejudice if they are not permitted to secure this outstanding discovery, in

failing to adequately and fully respond to defendants' motions.

10. Plaintiffs cannot procure the documents from any other source than defendant Baltimore Police Department. This request is not for delay, but so that justice may be done.

### C. Conclusion

Since the outstanding discovery is relevant and material to this case as well as relevant, material , and required to adequately respond to defendants' motions, , plaintiffs request the Court to extend plaintiffs' deadline to respond to the motions for summary judgment until thirty(30) days after plaintiffs have received the outstanding discovery, as per any order the Court may make on plaintiffs' Motion to Compel.

_____
Duane A. Verderaime
Verderaime & DuBois, P.A.
1231 North Calvert Street
Baltimore, Maryland 21202
(410) 752-8888

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY ROBINSON, et al.          *

    Plaintiffs                          *

v.                                *   Case No. WDQ-02-CV-3236

BALTIMORE POLICE DEPT., et al.    *

    Defendants

*       *       *       *       *       *       *

### ORDER FOR EXTENSION OF TIME

After considering Plaintiffs' motion to extend time and motion to compel discovery, this Court; Grants the motion, and

ORDERS defendant Baltimore Police Department to comply with plaintiffs' request for production of documents by _____, and

ORDERS, pursuant to plaintiffs' request for extension of time, that plaintiffs respond to defendants' motions for summary judgment thirty (30) days after the above date for defendant to comply with discovery.

_____
UNITED STATES DISTRICT JUDGE



# BALTIMORE POLICE DEPARTMENT



MARTIN O'MALLEY
Mayor

KEVIN P. CLARK
Police Commissioner

November 12, 2003

**Via Hand-Delivery**

Duane A. Verderaime, Esq.
Verderaime & DuBois, P.A.
1231 North Calvert Street
Baltimore, Maryland 21202

      **Re:   Robinson, et al. v. BPD**

Dear Mr. Verderaime:

    Please find attached the Baltimore Police Department's Answers to Plaintiff Robinson's Interrogatories.

    Also, in anticipation of finalizing the Baltimore Police Department's Answer to Plaintiff Robinson's Request for Production of Documents, I am enclosing complete copies of each Plaintiff's personnel files. I expect that a complete Answer to the Document Requests will be finalized by the end of the week.

    Please forward your client's Answers to the written discovery propounded by the Baltimore Police Department.

    Please contact me with any questions.

                            Sincerely,

                            Howard B. Hoffman
                            Associate Solicitor

Attachments
cc:   Peter Saar, Esq.
     Troy Priest, Esq.
     James Fields, Esq.
     Neal Janey, Esq.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY ROBINSON, *et al.* | * | |
| Plaintiffs | * | |
| v. | * | Case No. WDQ-02-3236 |
| BALTIMORE POLICE DEPT., *et al.* | * | |
| Defendants | * | |

\* \* \* \* \* \* \*

## REQUEST FOR PRODUCTION OF DOCUMENTS

TO: BALTIMORE POLICE DEPARTMENT, one of the Defendants,

FROM: GREGORY ROBINSON, one of the Plaintiffs

SET: NUMBER ONE

---

Plaintiff, by his attorneys Duane A. Verderaime and Verderaime & DuBois, request that defendant produce for inspection and copying, or in lieu thereof, to mail true and exact copies of the following-described documents as required and set forth in the Federal Rules of Civil Procedure.

**REQUEST NO. 1:** All documents identified in your answers to interrogatories.

**REQUEST NO. 2:** All documents relied upon in preparing your answers to interrogatories.

**REQUEST NO. 3**: Copies of plaintiffs' personnel files, and all written reports, evaluations, or work performance ratings/evaluations of plaintiff.

**REQUEST NO. 4**: All time sheets from 1998 to the present, for each plaintiff, that shows days worked, overtime, and appointment of OIC.

**REQUEST NO. 5**: All documents relating to any conversations, communications, or statements made by or between the plaintiff and agents, representatives or employees of the defendant concerning the incident alleged in the Complaint.

**REQUEST NO. 6**: All photographs, videotapes or audiotapes, diagrams, surveys, blueprints, flyers, company posters, brochures, or other graphic representation of plaintiff, or of information concerning the subject matter of this action.

**REQUEST NO. 7**: All documents provided and/or created by all persons who have investigated the occurrence or its consequences on your behalf.

**REQUEST NO. 8**: All documents that you propose to introduce into evidence or rely upon at the hearing or in the trial of this matter.

**REQUEST NO. 9**: Any and all documents constituting signed statements or oral recorded statements relating to the alleged occurrence by the plaintiffs, including, but not limited to, employment applications, promotion interviews, promotion rejections, overtime requests, special requests, termination notices or requests, transfer requests, two

week notices, bonus requests and or rejections, and incentive statements.

**REQUEST NO. 10:** Any policies related to the transferring of officers from one assignment or duty to another.

**REQUEST NO. 11:** A complete copy of the police department's internal EEO file.

**REQUEST NO. 12:** Any and all documents which support the affirmative defenses raised in your answer to the complaint.

**REQUEST NO. 13:** Any and all documents relating to the company policy on discrimination in the work place, or affirmative action plans, and any redress or grievance procedures that are available to the employee.

**REQUEST NO. 14:** Any and all documents relating to the company policy or general orders stating the policy on assigning an Officer-in-Charge.

**REQUEST NO. 15:** Any other document not identified above and not privileged which you contend supports or tends to support any defense or defenses to be raised at the trial of this case.

_____
Duane A. Verderaime
Verderaime & DuBois, P.A.
1231 North Calvert Street
Baltimore, Maryland 21202
(410) 752-8888

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ___ day of _____, 2003, a copy of the foregoing was mailed by first-class mail, postage prepaid, to:

Troy A. Priest, Esquire
Michael A. Brown, Esquire
Brown, Diffenderffer & Kearney, LLP
1010 Hull Street, Suite 300
Baltimore, Maryland 21230
*Attorneys for Defendants Young and Mack*

James H. Fields, Esquire
Jones & Associates, P.C.
Harborplace Tower, Suite 2700
111 South Calvert Street
Baltimore, Maryland 21202
*Attorney for Defendants Booker and Moore*

Charles G. Byrd, Jr., Esquire
Alston & Byrd
2518 Maryland Avenue
Baltimore, Maryland 21218
*Attorney for Defendant Williams*

Howard Hoffman, Esquire
Baltimore Police Department
Office of Legal Affairs
242 W. 29th Street
Baltimore, Maryland 21211
*Attorney for Baltimore Police Department
and Police Commissioner Edward Norris*