# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GREGORY ROBINSON, *et al.* | * |
| Plaintiffs | * |
| v. | *   Case No. WDQ-02-CV-3236 |
| BALTIMORE POLICE DEPT., *et al.* | * |
| Defendants | * |

\* \* \* \* \* \* \*

## ANSWERS TO INTERROGATORIES

TO:    Baltimore Police Department, one of the Defendants

FROM:   Gregory Robinson, one of the Plaintiffs

The plaintiff, Gregory Robinson, by and through his attorneys, Duane A. Verderaime and Verderaime & DuBois, P.A., for answers to interrogatories heretofore propounded by the defendant, Baltimore Police Department, answers as hereinafter set forth:

A. The information supplied in these answers is not based solely on the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and unless privileged, attorneys.

B. The word usage and sentence structure are that of the attorney assisting in the preparation of these answers and does not necessarily purport to be the precise language of the executing party.

**INTERROGATORY NO. 1**: Identify all persons who are likely to have personal knowledge of any fact alleged in the complaint, and state the subject matter of the personal knowledge possessed by each such person.

**ANSWER NO. 1**: Major Antonio Williams — please see previously submitted Exhibit B, #12 and #13.

Major Deb. Owens — Meeting with her about OIC and green sheet. Her first words before anyone spoke, "You need to get over the EOC complaint. You lost and it's over."

Lt. Michael Newton — I told him about the statement that offended me by Sgt. Young. His reply was, "I wasn't working. If you go through with this, you could get Sgt. Booker in trouble."

Sgt. Young — Racial statement. Also, I was ordered to do interviews on illegal stops (see previously submitted Ex. B, #6). She accused me via Lt. Newton about sabotaging her computer disk. Additionally, she wrote me up on an IIR for changing the roll book, and I was denied funeral detail by her.

Sgt. D.C. Moore — Please see previously submitted Exhibit B. He said numerous times that "blacks" can't discriminate. Additionally, he would often point to a picture on his desk (please see previously submitted Exhibit L) and state, "This is the kind of squad I want." When I asked what he meant, he said, "You know what I mean." Furthermore, Sgt. D.C. Moore would frequently verbally threatened to go outside to fight. This answer

2

may be supplemented at a later time.

Lt. John Mack — He would call me into his office and accuse me of slander. He ordered (dates unknown) unlawful actions. For example: remove people from the street to talk about shootings (against their will). I was removed from shootings to robbery due to questioning about unlawful orders. He ordered me to give detailed accounts on overtime slips, which most African-Americans did not have to do. This is all I recall at this time.

**INTERROGATORY NO. 2**: Itemize and show how you calculate any damages claimed by you in this action, whether economic, non-economic, punitive, or other.

**ANSWER NO. 2**:

Tax returns will be forthcoming. Robinson was not appointed as O.I.C.'s even when comparably-placed or lower-seniority African Americans were appointed. When defendant Sgt. Booker was not on duty, and if an African American was not available, then he would not appoint an officer in charge. If an African American was available, then he would appoint that individual as the O.I.C. For example:

```
October 12, 2001    — African American O.I.C.
October 15, 2001    — African American O.I.C.
October 20, 2001    — African American O.I.C.
October 21, 2001    — African American O.I.C.
October 27, 2001    — No O.I.C.
October 28, 2001    — No O.I.C.
November 10, 2001   — No O.I.C.
November 11, 2001   — No O.I.C.
November 17, 2001   — No O.I.C.
July 14, 2002       — African American O.I.C.
```

July 16, 2002 — African American O.I.C.
July 17, 2002 — African American O.I.C.
July 26, 2002 — No O.I.C.
July 27, 2002 — African American O.I.C.
July 28, 2002 — African American O.I.C.
July 31, 2002 — African American O.I.C.
August 1, 2002 — No O.I.C.
August 2, 2002 — African American O.I.C.
August 3, 2002 — African American O.I.C.
August 4, 2002 — No O.I.C.
August 5, 2002 — No O.I.C.
August 6, 2002 — No O.I.C.
August 7, 2002 — No O.I.C.
August 8, 2002 — No O.I.C.
August 9, 2002 — No O.I.C.
August 10, 2002 — African American O.I.C.
August 11, 2002 — No O.I.C.
August 12, 2002 — African American O.I.C.
August 17, 2002 — No O.I.C.
August 18, 2002 — No O.I.C.
August 25, 2002 — African American O.I.C.
August 31, 2002 — African American O.I.C.
September 1, 2002 — African American O.I.C.
September 6, 2002 — No O.I.C.
September 9, 2002 — African American O.I.C.
September 10, 2002 — African American O.I.C.
September 15, 2002 — African American O.I.C.
September 16, 2002 — No O.I.C.
September 17, 2002 — No O.I.C.
September 18, 2002 — No O.I.C.
September 19, 2002 — No O.I.C.
September 20, 2002 — No O.I.C.
September 23, 2002 — African American O.I.C.
September 28, 2002 — No O.I.C.
September 29, 2002 — No O.I.C.
October 4, 2002 — African American O.I.C.
October 5, 2002 — African American O.I.C.

(See previously submitted Exhibit R.) Additional dates will be added when an printout from the Department is obtained.

After plaintiffs filed the present lawsuit, Sgt. Booker began to appoint Det. Robinson to the O.I.C. position, as evidenced on March 10 and 16 of 2003. (See previously submitted attached Ex. R.) These are the only time sheets available to plaintiffs at this time. However, this conduct is prevalent in all relevant times.

In addition, African Americans in the unit, such as Alvin Gwynn, were allowed to be detailed to study for the sergeant's exam, while plaintiff Robinson was denied a similar request, thereby having less opportunities to study and a lower expectation of scoring well on the exam.

Also, as a result of the discriminatory treatment, and hostile environment, my mental health has suffered as well as my family relationship.

**INTERROGATORY NO. 3**: For each witness you have retained or specially employed to provide expert testimony in this case, and whom you expect to testify at trial, provide a complete statement of the opinions to be expressed; basis and reasons therefore; and whether said expert witness has ever been disqualified as an expert witness in an employment discrimination case.

**ANSWER NO. 3**: Major Antonio Williams (see previously submitted Ex. B); Major Deb. Owens (see Answer No. 1); Lt. Michael Newton (see Answer No. 1); Lt. John

Mack (see Answer No. 1); Sgt. Douglas Gardner was advised, but refused to take action (see previously submitted Ex. B, #6); Sgt. D. C. Moore (see Answer No. 1), also for verbal threats of violence; Sgt. Sonia Young (see Answer No. 1); Sgt. William Booker for discrimination statement by Sgt. Young and stop of O.I.C. time.

**INTERROGATORY NO. 4**: If you have ever made a formal claim, charge, or complaint of discrimination or harassment of any kind, with any employer (including your present employer), please set forth the date and place it was made, the name and address of the employer against whom it was made, the basis of the claim, and the ultimate disposition thereof.

**ANSWER NO. 4**: None.

**INTERROGATORY NO. 5**: Fully identify each act or omission by the Baltimore Police Department, its employees or agents, which you contend constitutes discrimination, harassment, and/or retaliation, identifying when each such act or omission occurred, all persons who have knowledge of the act or omission, and any documentation in your possession relating to any act or omission.

**ANSWER NO. 5**: See other answers. In addition, Sgt. Young has stated that she refuses to work with, or does not like working with light-skinned people. She has also stated to a supervisor that, "You are going to make me give this overtime to a No. 2, aren't you?" Sgt. Young has been suspended for fifteen (15) days for assaulting an O.I.C. and

6

making such comments as, "What are you going to do - get the Klansmen after me?"

Defendant D. C. Moore has made statements such as, "Blacks cannot be racist," "You cannot be discriminated against until you have been oppressed," and when pointing to a photograph of a predominantly African American police squad, stated, "This is the type of squad that I want."

In reference to plaintiffs' grievances, defendant Mack has stated, "There is nothing you guys can do to me because I have people in this department, friends up there," referring to African American supervisors as Deputy Commissioner Barry Powell and Col. Hawkins. (See previously submitted Ex. B for additional information.)

**INTERROGATORY NO. 6**: If you contend that any employee(s) of the Baltimore Police Department ever made any statement about any person or committed any act which you claim supports your allegations of discrimination, harassment, retaliation, or any other allegations in your Complaint, then set forth all details, including but not limited to, the identity of the employee(s), the time, place, and exact nature of the act or statement, the names of all persons who were present, and your source of knowledge.

**ANSWER NO. 6**: Please see previous answers. Additionally, Sgt. Young stated on October 16, 2001, at 3:15 p.m., "You see, Billy, this is why I hate light-skinned people and this is why I hate working with them."

**INTERROGATORY NO. 7**: If you, or anyone acting on your behalf, obtained

7

statements in any form from any person regarding any of the facts alleged in your Complaint, fully identify each such person and state the date on which such statement(s) was taken, the names and addresses of the persons who took such statement(s), a transcript of each recorded oral statement, and a detailed summary of each such non-recorded oral statement.

**ANSWER NO. 7**: None.

**INTERROGATORY NO. 8**: Itemize all expenses and other economic damages, past and future, that you claim are a result of the occurrence and as to each item claimed, identify the item, the amount claimed for that item, the method, if any, by which you computed the amount, the figures used in that computation, and the facts and assumptions upon which your claim is based.

**ANSWER NO. 8**: Previously stated OIC, with additions to be submitted, missed promotions, will required fiscal information, may be supplemented.

**INTERROGATORY NO. 9**: State whether you claim past or future loss of earnings or earning capacity as a result of the occurrence and, if so, state for each category the amount claimed, the method by which you computed that amount, the figures used in that computation, and the facts and assumptions upon which your claim is based.

**ANSWER NO. 9**: Possible lost promotion on past list.

**INTERROGATORY NO. 10**: If you submitted a grievance through the Baltimore

Police Department's grievance procedures regarding any matter set forth in your Complaint, for each such grievance, please describe the substance of the grievance, identify any person with whom you discussed your grievance, the date of each discussion, each action taken pursuant to each discussion, the substance of each conversation, whether an investigation was undertaken into your grievance, the substance of any reports written regarding your grievance, and person who considered or reviewed your grievance and their decision regarding your grievance.

**ANSWER NO. 10**: Please refer to previously submitted Exhibit N.

**INTERROGATORY NO. 11**: If you contend that you have been denied overtime opportunities during your employment with the BPD, please state in detail all such facts supporting your contention.

**ANSWER NO. 11**: None.

**INTERROGATORY NO. 12**: If you contend that your request for overtime payments during your employment with the BPD were denied, delayed, or discounted, please state in detail all such facts supporting your contention.

**ANSWER NO. 12**: Delay in getting paid - sometimes for weeks.

**INTERROGATORY NO. 13**: If you contend that during your employment with the BPD you were provided less favorable leave benefits than similarly-situated African-Americans, please state in detail all such facts supporting your contention.

9

**ANSWER NO. 13**: I was denied a detail day for promotion for Sergeant test when Det. Alvin Gwynn was given one. I asked, questioned this, and was told, "No."

**INTERROGATORY NO. 14**: If you contend that during your employment with the BPD you were denied educational or study review opportunities, please state in detail all such facts supporting your contention.

**ANSWER NO. 14**: Detail for promotion — I was told numerous times by Mack, Moore, and Young that I could not read material for promotion such as the General Order, Digest of Laws, or any study material.

**INTERROGATORY NO. 15**: State all facts upon which you rely to support your contention, in Paragraph 28 of the Complaint, that "Plaintiffs were continually denied leave, details, promotions, supervisory positions and pay, and are subjected to harassment and disparate treatment because of their race, despite the fact that they are qualified and in similar [sic], if not more tenured positions."

**ANSWER NO. 15**: I was no longer given O.I.C. time (see Answer No. 13).

**INTERROGATORY NO. 16**: State all facts upon which you rely to support your contention, in Paragraph 33 of the Complaint, that "Plaintiffs were denied promotion, promotional opportunities, and equal treatment, and given involuntary transfers and demotions, and subjected to harassment and disparate treatment because of their race and/or gender, and/or because they complained about the discriminatory treatment, or illegal

10

activities."

**ANSWER NO. 16**: Please see the Answer Nos. 1 and 13.

**INTERROGATORY NO. 17**: If you contend that you complained to any person(s) employed by the Baltimore Police Department of any event of unlawful discrimination, harassment, and/or retaliation, please state the substance of your complaint(s), the date of your complaint(s), whether an investigation(s) regarding your complaint(s) occurred, and identify the person(s) to whom you complained, and any documents you possess which support your contention.

**ANSWER NO. 17**: Please see Answer No. 1 and the previously submitted exhibits.

**INTERROGATORY NO. 18**: Do you know of any statement, conversation, comment, report or admission against interest or res gestae statement made by any Defendant in this action, concerning the subject matter of this action or facts relevant to any issue in this case. If your Answer is "yes," state the content of said statement, conversation, comment or report, the place where it took place, the name, address and telephone number to whom each statement was made, and in whose presence it was made.

**ANSWER NO. 18**: Please see Answer Nos. 1 and 6, and the previously submitted exhibits.

**INTERROGATORY NO. 19**: If you contend that you have been retaliated against for exercising your First Amendment rights, please describe the context of your

11

communication(s), including but not limited to, the substance of your communication(s), the date of your communication(s), how you communicated (orally or in writing), and identify the recipient of your communication(s) and witnesses thereto.

**ANSWER NO. 19**:  Please see Answer No. 1 and the previously submitted exhibits, with all amendments.

I HEREBY CERTIFY, declare and affirm under the penalties of perjury that the foregoing Answers to Interrogatories are true and correct to the best of my information, knowledge and belief.

_____
Gregory Robinson

\*        \*        \*

_____
Duane A. Verderaime
Verderaime & DuBois, P.A.
1231 North Calvert Street
Baltimore, Maryland 21202
(410) 752-8888

Attorneys for Plaintiffs