IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MARYLAND

**GREGORY ROBINSON, et al.,**

    **Plaintiffs,**

**v.**                                           **Case No.: WEQ-02-3236**

**BALTIMORE POLICE DEPARTMENT, et al.,**

    **Defendants.**

### DEFENDANT BALTIMORE POLICE DEPARTMENT'S MOTION FOR RECONSIDERATION OF COURT'S JULY 19, 2004 ORDER GRANTING IN PART AND DENYING IN PART THE MOTION FOR SUMMARY JUDGMENT

Baltimore Police Department, by and through its undersigned attorneys, files this Motion for Reconsideration of the Court's July 19, 2004 Order Granting in Part and Denying in Part the Motion for Summary Judgment (the "Motion"). The Baltimore Police Department (the "BPD") filed a Motion for Summary Judgment seeking judgment as a matter of law as there is no dispute as to any material facts.[1]

In support of its motion, the BPD filed a memorandum of law in support of the Motion for the Summary Judgment, including transcripts of the depositions of the plaintiffs[2] and the defendants. Upon review of the voluminous documents submitted in support of and in opposition to the motions for summary judgment, the Court has ruled that the plaintiffs were entitled to proceed on their claims of Title VII violations against the BPD. The BPD requests that the Court reconsider this ruling.

---

[1] The individual defendants also filed motions for summary judgment which have also been granted in part and denied in part.

[2] Pursuant to the Court's July 19, 2004, there only remains three (3) plaintiffs as all defendants have obtained summary judgment against plaintiff Dawn Cheuvront.

Detectives Robinson, Wade and Smith (collectively, the "Plaintiffs'), contend that they were the victims of discrimination, disparate treatment and retaliation. The BPD submits that the record evidence paints a different picture when viewed in its entirety as the Court suggests. First, the Plaintiffs contend that their transfers, discipline and harassment were a result of filing a grievance with the local Fraternal Order of Police (the "FOP"). The Plaintiffs allege they were retaliated against because their grievance was protected under Title VII. However, the BPD's EEO investigation revealed that the grievance filed by the Plaintiffs with FOP contained allegations of delays in signing and submitting overtime slips and orders to detain and debrief citizens. The Plaintiffs' FOP grievances **did not allege any actions of discrimination, retaliation or disparate treatment**. In addition, the issues raised in the grievances were addressed by Major Williams, and in addition are not grievances covered under Title VII.[3] Per departmental procedures, Major Williams met with the Plaintiffs in efforts to address their concerns. **At no time did the Plaintiffs raise any issues regarding discrimination**.

With regard to the Plaintiffs' transfers in and out of the shooting squad, the Court held that a transfer could constitute an adverse employment action if it negatively affects the terms and condition of employment. See Boone v. Goldin, 178 F.3d 253, 256 (4th Cir. 1999). However, while the Plaintiffs' testified that they all wanted to leave the shooting squad; Robinson Depo. at 30; id. at 121; Wade Depo. at 83; Smith Depo. at 92; id. at 153; the grievance filed by Plaintiff Wade included a claim that he was improperly transferred out of the shooting squad. See BPD's Exhibit 8 to Motion for Summary Judgment. The Plaintiffs cannot have it both ways: they can not want to leave the shooting squad and

---

[3] See Exhibit 8 to the BPD's Motion for Summary Judgment.

simultaneously claim that their transfer from the shooting squad was a ground for an internal grievance.

This Fourth Circuit holds that a hostile work environment is demonstrated by a showing that "members of one [race] are exposed to disadvantageous terms or conditions of employment to which other members are not." Ocheltree v. Scollon, 335 F.3d 325, 331-332 (4th Cir. 2003). This Court denied summary judgment based upon allegations that Sergeant Moore "repeatedly invited the plaintiffs to settle disputes by fighting him in the garage." Robinson Depo. at 98-99. The court goes on to cite to Plaintiff Smith's deposition testimony regarding Sgt. Moore's statements to go to the garage.

Sgt. Moore admits making the statement to go out to the garage. However, Sgt. Moore further testified that the statement was made to all the detectives in the squad, regardless of race or gender. Moore Depo. at 73-74. In addition, it was not an offer to fight. Sgt. Moore characterizes the statement as "we can go to the garage and discuss this like men." Moore Depo. at 73. In response Plaintiff Robinson responded that "he was a small guy and would shoot [Moore]" and everyone laughed. Moore Depo. at 76. Just as no one believed that Robinson would shoot Sgt. Moore, no one, including the Plaintiffs, despite their protestations, believed that the comment made by Sgt. Moore was an offer to fight. To the extent the Plaintiffs harbored such a belief, there is no record of an internal complaint to Major Williams, and no communications to Lt. Mack that the Plaintiffs were offended or threatened by the statement. Moore Depo. at 115. There is no reason not to address the matter with the Major as he was addressing the Plaintiffs' other concerns, yet the Plaintiffs did not.

Coupled with the comment by Sgt. Moore that he wanted the kind of squad referred to in a picture lends no more credence to the Plaintiffs' claims. And the same is true of the Plaintiffs' claims of criticism by Lt. Mack. The record testimony of Sgt. Moore was that Lt. Mack criticized the entire squad, not just the Plaintiffs. In fact, he criticized one of the African Americans the worst.

When light is shown on the entire picture it becomes evident that the Plaintiffs' claims against the BPD are lacking because they are unable to demonstrate that the BPD's harassment policies were deficient or that the BPD condoned the practices of Sgt. Moore and Lt. Mack. Quite the opposite, Major Williams addressed the concerns raised by the Plaintiffs in their grievance; not of which included claims of discrimination.

WHEREFORE, the Baltimore Police Department respectfully requests that this Honorable Court enter an Order

a. granting the Motion;

b. granting summary judgment in favor of the Baltimore Police Department against all Plaintiffs; and

c. granting such other and further relief as this Court deems just and proper.

_/s/_____
Kim Y. Johnson, Bar No.: 22447
Baltimore Police Department
242 West 29th Street
Baltimore, Maryland 21211
Telephone: (410) 396-2496

Attorney for the Defendant
Baltimore Police Department

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of July, 2004, that a copy of the foregoing Defendant Baltimore Police Department's Motion for Reconsideration was mailed first class, postage prepaid to:

Duane A. Verderaime, Esquire
Verderaime & DuBois, P.A.
1231 N. Calvert Street
Baltimore, Maryland 21202
*Attorney for the Plaintiffs*

Michael Brown, Esquire
Troy A. Priest, Esquire
Brown, Diffenderffer & Kearney, LLP
The Tide Building, Suite 300
1010 Hull Street
Baltimore, Maryland 21230
*Attorneys for Defendants Young and Mack*

James H. Fields, Esquire
Jones & Associates, P.C.
Harborplace Tower, Suite 2700
111 South Calvert Street
Baltimore, Maryland 21202
*Attorney for Defendants Booker and Moore*

I will retain the original of this pleading, as well as the documents responsive thereto, without alteration, until the case is concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

_____/s/_____
Kim Y. Johnson