Direct Dial: (410) 385-5246

November 11, 2004

**VIA TELECOPY**
**AND FIRST-CLASS MAIL**

Duane A. Verderaime, Esquire
Verderaime & DuBois, P.A.
1231 North Calvert Street
Baltimore, MD 21202

   Re: Conflicts Waiver - Gregory Robinson, et al. v. Sgt. William Booker, et al. U.S. District Court for the District of Maryland, <u>Case No. S02CV3236</u>

Dear Mr. Verderaime:

  I write in response to your letter dated November 8, 2004 regarding the above-referenced matter. Please be advised that the settlement demands of each of your clients, as espoused in your October 8th letter, are hereby rejected to the extent they pertain to my clients, Sgt. William Booker and Sgt. Darryl C. Moore. Troy Priest, Esquire, who represents former Lt. John Mack and Sgt. Sonia Young, also has authorized me to communicate to you his clients' concomitant rejection of your clients' settlement demands. While I cannot officially speak for the Baltimore Police Department ("BPD"), I believe I can safely say that the BPD rejects your clients' demands, as well. Collectively, we believe the demands to be totally out of the realm of rational discussion pertaining to this case.

  The above having been stated, a unique issue has arisen in recent days which will require that the Defendants seek a modest postponement of the November 15, 2004 Settlement Conference. Inasmuch as a resolution of this case (i) clearly has significant practical implications for the direction of the BPD in the context of the scenario whereby current BPD officers are suing other current BPD officers, and (ii) could likely further impact directly the fiscal operations of the BPD, it is clear that the BPD Commissioner must be fully apprised of the circumstances of this case, and, after consideration of this matter, assist in setting the parameters of, and give authority for, any pre-trial resolution of this case. However, as you know, the BPD has, as recently as yesterday, undergone yet another change in the Police Commissioner position.

Duane A. Verderaime, Esquire<br>
November 11, 2004<br>
Page 2

Simply put, given this change, there has been no time or opportunity to fully brief the new Acting Commissioner, Leonard Hamm, with regard to this matter. Consequently, the Acting Commissioner has had no opportunity to undertake the considerations he will be required to undertake in order to properly consider and approve any pre-trial resolution of this case, and will not have had such an opportunity to do so at any time before Monday, November 15, 2004. Consequently, the counter-offer to the Plaintiffs' demand, at this time, and on Monday, November 15, 2004, necessarily is and will be $0.00.

In an effort to avoid wasted time and effort on Monday, Defendants will be proposing to Judge Gauvey a modest postponement of the Settlement Conference date of thirty (30) days. We believe that this amount of time should be sufficient for all necessary parties to undertake the required review and consideration of this matter, and to provide the required authority for any resolution of this matter proposed by the Defendants.

In the meantime, your November 8, 2004 letter asserts that certain discovery remains outstanding. To what discovery are you referring?

Of course, should you have any questions, please feel free to contact me at the above-referenced number.

Sincerely,<br><br>
James H. Fields

cc: Troy A. Priest, Esquire  
     Kim Johnson, Esquire  
     The Honorable Susan K. Gauvey  
JHF:sks